UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 08 CR 50016 |
| | ) | Judge Frederick J. Kapala |
| v. | ) | |
| | ) | |
| KEVAIN ORIS WHITE | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS RULE TO SHOW CAUSE WHY SUPERVISED
RELEASE SHOULD NOT BE REVOKED

Defendant Kevain Oris White, by Terence F. MacCarthy of the Federal Defender

Program and its attorney Haneef Omar moves this court for an order dismissing the

government's rule to show cause why supervised release should not be revoked in case

number 05 CR 00420. The rule to show cause should be dismissed because Mr. White's

term of supervised release expired on March 19, 2008 and there exists no outstanding

warrant that would have extended his term.

The rule to show cause why supervised release should not be revoked was filed

in the District Court of New Mexico on November 15, 2007 alleging two violations of

conditions of supervised release, (1) violating the condition that the defendant shall not

commit another federal, state, or local crime; and (2) defendant shall notify the

probation officer within seventy-two hours of being arrested or questioned by a law

enforcement officer. Both alleged violations stemmed from Mr. White's May 4, 2007

arrest for driving under the influence of alcohol.

Mr. White's term of supervised release was originally scheduled to expire December 1, 2007. However, the issuance of a warrant for violation of supervision tolled the term of supervised release as of November 15, 2007, pending a hearing on the alleged violations, pursuant to 18 U.S.C. §3565(c). The warrant was returned executed on December 7, 2007. A hearing on the rule to show cause was scheduled for March 4, 2008 in the District Court of New Mexico. On March 3, 2008 the District Court of New Mexico vacated the revocation proceedings allowing the term of supervised release to recommence. As no new revocation action was filed, the term of supervised release expired on March 19, 2008.

The federal rules of criminal procedure do not allow for the extension of the term of supervised release once a hearing on the rule has been vacated. If the defendant violates a condition of probation prior to the expiration or termination of the term of probation, the court may continue probation or revoke, only after a hearing and consideration of the §3553(a) factors. 18 U.S.C. §3565(a). The court may extend the term of supervised release beyond its date of expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. 18 U.S.C. §3565(c). A judge may issue more than one warrant or summons on the same complaint. F.R.C.P. 4.

This court cannot extend Mr. White's term of supervised release. Although term of supervised release was scheduled to expire on December 1, 2007, because an arrest warrant was issued, the term was extended to March 4, 2007 for a hearing on the rule in

2

accordance with §3565. Because the warrant in this case was returned executed in December of 2007 and the hearing was vacated on March 3, 2008, there is no warrant or summons on the basis of a violation.

Because a warrant had been issued on the basis of a supervised release violation the District Court of New Mexico had the option of continuing Mr. White on probation, with or without extending his term, or revoking probation but only after a hearing and consideration of the §3553(a) factors. The district court chose to forego a hearing on the rule. Without a hearing and without a warrant, the term of supervised release recommenced and expired on March 19, 2008. A judge could have issued a second warrant prior to March 19, 2008 and retained the power to extend the term of probation. Because the warrant was executed and the hearing on the rule vacated, Mr. White's term of supervised release expired.

The government's rule to show cause why supervised release should not be revoked should be dismissed as Mr. White is no longer on supervised release.

Dated at Rockford, Illinois on July 8, 2008.

<div style="margin-left:50%">

Respectfully submitted,
Kevain Oris White, Defendant
TERRY F. MACCARTHY

By_____/s_____
   HANEEF OMAR
   Attorney for Defendant

</div>

FEDERAL DEFENDER PROGRAM
55 E. Monroe St. 2800
Chicago, IL 60603
(312) 621-8300

(312) 621-0813 - fax