# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 50016 | **DATE** | 7/29/2008 |
| **CASE TITLE** | United States vs. Kevain Oris White | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss rule to show cause why supervised release should not be revoked [7] is denied. A hearing on the government's petition for revocation of supervised release is set for August 19, 2008, at 2:30 p.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This case was transferred to the Western Division of the Northern District of Illinois from the United States District Court for the District of New Mexico. In that district, defendant was serving a 36-month term of supervised release in case No. 05 CR 00420 which was scheduled to expire on December 1, 2007. On November 15, 2007, the government filed a petition for revocation of supervised release alleging that defendant violated the terms of supervised release by, <u>inter alia</u>, committing the offense of driving under the influence of alcohol on May 4, 2007, in Whiteside County, Illinois. The New Mexico District Court issued an arrest warrant on the petition on November 15, 2007, and it was served on defendant on December 7, 2007, by U.S. Marshals in Illinois. On February 28, 2008, the New Mexico District Court entered an order transferring Case No. 05 CR 00420 to this court. On March 3, 2008, the New Mexico District Court entered a minute order providing: "Revocation of Supervised Release Hearing previously set for 3/4/08 at 9:30 a.m. is VACATED." This court accepted the transfer of jurisdiction on March 7, 2008.

ANALYSIS

Defendant has filed a motion to dismiss rule to show cause why supervised release should not be revoked[1] contending that defendant's term of supervised release expired on March 19, 2008. Defendant reasons that although his term of supervised release was tolled on November 15, 2008 with the issuance of an arrest warrant for the violation of supervised release, the term began to run again on March 3, 2008 when the New Mexico District Court vacated the revocation hearing and the term expired on March 19, 2008.

In opposition to defendant's motion to dismiss, the government argues that the New Mexico District Court was aware that it was transferring the case to this court when it vacated the hearing and not the petition. The government concludes that the New Mexico District Court must have intended to transfer the case to this court with the petition for revocation of supervised release pending. The government represents that it "is not aware of nor has defendant cited any statutes or court precedent that prohibit the transfer of a pending petition for rule

**STATEMENT**

to show cause why supervised release should not be revoked when the jurisdiction of the case is transferred from one jurisdiction to another."

It is clear from the March 3, 2008, docket entry that the hearing on the petition for revocation of supervised release, and not the petition itself, was vacated on March 3, 2008. 18 U.S.C. § 3583(i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment ... extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

At oral argument, defendant argued that after the arrest warrant was served on defendant on December 7, 2007, his term of supervised release recommenced and subsequently expired. This argument misconstrues the statute. "A court may revoke a defendant's supervised release even after the term of release has ended, so long as a valid warrant or summons was issued before the end of the period, on the basis of an allegation that the releasee violated the terms of his release. United States v. Hondras, 296 F.3d 601, 602 (7th Cir. 2002) (citing 18 U.S.C. § 3583(i)). Therefore, this court has jurisdiction to adjudicate the November 11, 2007, petition to revoke supervised release. Thus, the only question left is whether the transferring of jurisdiction with the petition for revocation of supervised release pending operated to vacate that petition.

Some light is shed upon this question by 18 U.S.C. § 3605 which provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

Section 3583(e), permitting the modification or revocation of a term of supervised release, is squarely within subchapter D of chapter 227. If the transferee district court is authorized to adjudicate the petition for revocation of supervised release filed in the transferor district court, the transfer cannot act as a vacature of a pending petition to revoke supervised release.

Moreover, this court has located several cases where, although the procedure was not challenged, a petition to revoke supervised release filed in the transferring jurisdiction was adjudicated in the transferee jurisdiction. See , e.g., United States v. Trejo-Alvearez, 2007 WL 4269053, *1 n. 1 (10th Cir. 2007) ("Because Mr. Trejo-Alvarez was convicted while on supervised release from a prior immigration conviction in the District of Arizona, a petition to revoke supervision was filed in the District of Arizona and jurisdiction was transferred to the District of New Mexico. The [New Mexico] district court sentenced Mr. Trejo-Alvarez to 12 months for the violation of the terms of his release, but allowed the sentence to run concurrently with the 21-month sentence it had just imposed."); United States v. Contreras-Martinez, 409 F.3d 1236, 1238 (10th Cir. 2005) ("An Arizona probation officer filed a petition to revoke Mr. Contreras' supervised release, contending he had violated his conditions of release by committing a federal offense during his term of supervision. Jurisdiction on the revocation petition was subsequently transferred to the District of New Mexico."); United States v. Arnold, No., 2008 WL 346368 at *1 (E.D. Tex Feb. 6, 2008) ("Along with the transfer of jurisdiction, the Eastern District of Missouri also transferred the two pending petitions to revoke Mr. Arnold's supervised release which resulted in his arrest."). These cases are further indication that the transfer of a case will not eviscerate a pending petition to revoke supervised release.

| STATEMENT |
|---|
| III. CONCLUSION |
|     Because this court is authorized to adjudicate the petition for revocation of supervised release filed in case No. 05 CR 00420 in the District of New Mexico, the transferring of said case cannot act as a vacature of a pending petition to revoke supervised release.  Consequently, defendant's motion to dismiss is denied. |

1. The pending petition is actually styled "Petition for Revocation of Supervised Release."